Raymond J. Tittmann No. 191298
Christina M. Roberto No. 317139
Patrick M. Laurence No. 228272
Isaac Walrath No. 317767
**TITTMANN WEIX LLP**
350 S. Grand Ave., Suite 1630
Los Angeles, California 90071
Phone: (213) 797-0630
rtittmann@tittmannweix.com
croberto@tittmannweix.com
plaurence@tittmannweix.com
iwalrath@tittmannweix.com

Attorneys for Plaintiff and Counter-Defendant
VOYAGER INDEMNITY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

VOYAGER INDEMNITY INSURANCE COMPANY,

Plaintiff,

v.

ZALMAN N. INC., an incorporated business entity in California and ZALMAN T. NEMTZOV, an individual,

Defendants.

Case No. 2:22-cv-03010-PA-MAR

**DECLARATION OF PATRICK M. LAURENCE IN SUPPORT OF REPLY OF VOYAGER INDEMNITY INSURANCE COMPANY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY ADJUDICATION**

**Hearing:**
**Date:** **April 10, 2023**
**Time:** **1:30 pm**
**Courtroom:** **9A, 9th Floor**
**Judicial Officer:** **Hon. Percy Anderson**

I, Patrick M. Laurence, declare as follows:

1. I am an attorney with the law firm of Tittmann Weix LLP, attorneys of record for Plaintiff and Counter-Defendant Voyager Indemnity Insurance Company ("Voyager") in the above-captioned action. I am licensed to practice in the state courts of California and am admitted to practice in the United States District Court for Central District of California. I have personal knowledge of the facts stated herein unless otherwise indicated and would testify thereto if called upon to do so.

2.    This Declaration is made in support of the Reply of Voyager to Opposition to Motion for Summary Judgment or, in the Alternative, Motion for Summary Adjudication ("Motion").

3.    I have reviewed the Subcontract Agreement attached as Exhibit "D" to Zalman T. Nemtzov's declaration filed in support of the Opposition of Zalman N., Inc. and Zalman T. Nemtzov (collectively, "Zalman") to Voyager's Motion. Prior to March 20, 2023, that Subcontract Agreement had never been produced or served by Zalman's counsel on my office, nor had my office ever received the Subcontract Agreement from any other source. I also shared the Subcontract Agreement with the lawyers who represent MRB Construction, Inc. in the underlying personal injury action, *Isac Hernandez Hernandez v. Shane Josephs, et al.*, Los Angeles Superior Court Case No. 20STCV17331. They likewise advised me that the Subcontract Agreement has never been produced or served in that case. By all accounts, no one had received or seen the Subcontract Agreement or any version thereof prior to the time it was filed in this action on March 20, 2023.

4.    On September 23, 2022, Isaac Walrath, an associate attorney in my office, participated in the parties' Rule 26(f) conference with Paul D. Bojic, counsel of record for Zalman. Following that conference, on October 3, 2022, the parties signed and filed their Joint Scheduling Conference Report and Discovery Plan. (Dckt. No. 23). In their Report, the parties stated that, as part of their Rule 26 discovery plan, "[i]nitial disclosures will be made within 14-days of the parties Rule 26(f) conference." To date, however, Zalman has never served an any initial disclosures in this case.

5.    On November 17, 2022, my office served, on behalf of Voyager, eleven interrogatories on Zalman pursuant to Rule 33 of the Federal Rules of Civil Procedure. In particular, Voyager requested that Zalman identify all facts and documents which support his contention that he is an additional insured under the Voyager policy. On January 3, 2023, Zalman provided verified responses to these interrogatories. With respect to the interrogatory number 3 seeking all documents which support Zalman's claim that he is an additional insured, Zalman responded: "**Insurance Policy Number AMW0016289;**

**Certificate of Liability Insurance dated March 6, 2019**." The Subcontract Agreement was not identified in this response, nor in any other response to these interrogatories. A true and correct copy of Zalman's verified responses to Voyager's interrogatories served on my office is attached hereto as **Exhibit 12**. Zalman has never served any supplemental responses to these interrogatories.

6. On November 17, 2022, my office served, on behalf of Voyager, five document requests on Zalman pursuant to Rule 34 of the Federal Rules of Civil Procedure. In particular, Voyager requested that Zalman produce all "contracts" and "agreements" between Zalman and MRB Construction, Inc. which support Zalman's contention that he is an additional insured under the Voyager policy. On January 3, 2023, Zalman provided verified responses to these requests. With respect to the Request for Production No. 1 seeking all "contracts" and "agreements" between Zalman and MRB Construction, Inc. which support Zalman's contention that he is an additional insured, Zalman responded under oath: "**Responding Party attaches hereto all DOCUMENTS in Responding Party's possession, custody and control in response to this Request for Production**." The Subcontract Agreement was not included in the production attached to the verified responses. A true and correct copy of Zalman's verified responses to Voyager's requests for production served on my office is attached hereto as **Exhibit 13**. Zalman has never served supplemental responses to these requests for production.

7. Zalman has not propounded any written discovery requests in this case, has not issued any subpoenas in this, and has not taken any depositions in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 27, 2023

Patrick M. Laurence

# Exhibit 12

**PAUL D. BOJIC, ESQ.** [SBN 201479]
Law Offices of Paul D. Bojic
45110 Club Drive, Suite E
Indian Wells, CA 92210
Telephone: 760-340-3700
Fax: 760-340-3724

Attorney for Defendants ZALMAN N., INC.
and ZALMAN T. NEMTZOV

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

VOYAGER INDEMNITY INSURANCE COMPANY

Plaintiff

v.

ZALMAN N., INC. an incorporated business entity in California and ZALMAN T. NEMTZOV, an individual

Defendants.

**CASE NO. 2:22-cv-03010**

**DEFENDANTS ZALMAN N., INC. AND ZALMAN T. NEMTZOV'S RESPONSE TO VOYAGER INDEMNITY INSURANCE COMPANY'S INTERROGATORIES TO ZALMAN N. INC. AND ZALMAN T. NEMTZOV, SET ONE**

Date Filed: May 4, 2022
Trial Date: None Set

**PROPOUNDING PARTY: VOYAGER INDEMNITY INSURANCE COMPANY**

**RESPONDING PARTY: ZALMAN N. INC. AND ZALMAN T. NEMTZOV**

**SET NUMBER: ONE**

Defendants ZALMAN N., INC. and ZALMAN T. NEMTZOV, individually dba ZALMAN N INC. hereby responds to the Plaintiff VOYAGER INDEMNITY INSURANCE COMPANY Interrogatories as follows:

**RESPONSE TO INTERROGATORIES**

**INTERROGATORY NO. 1**

IDENTIFY all provisions of the POLICY which YOU contend make YOU an ADDITIONAL INSURED of the POLICY.

**RESPONSE TO INTERROGATORY NO. 1**

Insurance Policy Number AMW0016289 ("Policy") includes an endorsement that is titled "Additional Insured – Owners, Lessees or Contractors – Automatic Status When Required In Construction Agreement With You." Zalman T. Nemtzov qualified as an additional insured on the policy under this endorsement only to the extent the requirements for such status as detailed in the Policy were satisfied at all relevant times. The Additional Insured endorsement in Insurance Policy Number AMW0016289 provides, in pertinent part:

A. Section II – Who Is An Insured is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy.

**INTERROGATORY NO. 2**

State all actions taken by VOYAGER which YOU contend breached provisions of the POLICY.

**RESPONSE TO INTERROGATORY NO. 2**

Upon MRB Construction, Inc. naming Zalman N, Inc. and Zalman Nemtzov as an additional insured under Policy Number AMW0016289, MRB Construction, Inc. provided Zalman N, Inc. and Zalman Nemtzov with the Certificate of Liability Insurance. This Certificate of Liability Insurance evidenced that MRB Construction, Inc. named Zalman N, Inc. and Zalman Nemtzov as additional insured under Voyager Indemnity Insurance Company Policy Number AMW0016289. After Isaac Hernandez Hernandez was injured, Zalman N, Inc. and Zalman Nemtzov made a claim with Voyager Indemnity Insurance Company and Voyager Indemnity Insurance Company

refused to honor the Zalman N, Inc. and Zalman Nemtzov's claim even though Voyager Indemnity Insurance Company had full knowledge that Zalman N, Inc. and Zalman Nemtzov were named as additional insured under Policy Number AMW0016289.

**INTERROGATORY NO. 3**

IDENTIFY all DOCUMENTS which YOU contend make YOU an ADDITIONAL INSURED under the POLICY.

**RESPONSE TO INTERROGATORY NO. 3**

Insurance Policy Number AMW0016289; Certificate of Liability Insurance dated March 6, 2019.

**INTERROGATORY NO. 4**

If you contend YOU are an ADDITIONAL INSURED of the POLICY, describe in detail all factual bases of YOUR contention.

**RESPONSE TO INTERROGATORY NO. 4**

Voyager Indemnity Insurance Company issued an insurance policy to MRB and Ramos naming Zalman N, Inc. and Zalman Nemtzov as an additional insured covering injuries at the Property including, without limitation, any person who was injured while doing construction work at the Property. The Policy, Insurance Policy Number AMW0016289, includes an endorsement that is titled "Additional Insured – Owners, Lessees or Contractors – Automatic Status When Required In Construction Agreement With You." Zalman N, Inc. and Zalman Nemtzov qualified as an additional insured on the policy under this endorsement. This is a personal injury lawsuit which arises from Isaac Hernandez ("Hernandez") being injured at that construction site located at 1786 Bryn Mawr Avenue, Santa Monica, California ("Property"). Hernandez worked as a laborer on the construction of a new home at the Property. The Property is allegedly owned by Jennifer L. Josephs. On July 11, 2017, Jennifer L. Josephs and Zalman N., Inc. signed a Prime Contract which provided that Zalman N., Inc. would build a new home for Jennifer L. Josephs.

Zalman N., Inc. hired MRB and Ramos to perform framing work on the new home (among other work).  It was a term and condition of Zalman N., Inc. hiring MRB and Ramos that MRB and Ramos add Zalman N, Inc. and Zalman Nemtzov onto the Policy as an additional insured. Zalman N, Inc. and Zalman Nemtzov were added to the Policy as additional insureds. Concurrent with Zalman N., Inc. hiring MRB and Ramos to perform framing work on the new home at the Property, Voyager Indemnity Insurance Company and MRB and Ramos provided Zalman N, Inc. and Zalman Nemtzov with a Certificate of Liability Insurance, which named MRB as the Insured and Voyager Indemnity Insurance Company as Insurer A, State Compensation Insurance Fund as Insurer B and Zalman N, Inc. and Zalman Nemtzov as Additional Insureds.   On February 21, 2019, Hernandez was working for MRB and Ramos framing the new home.  While framing the new home, Hernandez fell from the framed first floor to the concrete foundation suffering significant injuries.  Hernandez is now allegedly a paraplegic. On May 6, 2020, Hernandez filed a complaint against Jennifer L. Josephs. Jennifer L. Josephs filed a cross-complaint against Zalman N, Inc. and Zalman Nemtzov on December 4, 2020 and an amended cross-compliant on June 17, 2021. On August 18, 2021, MRB and Ramos filed a cross-complaint against Zalman N, Inc. and Zalman Nemtzov. On November 12, 2021, Zalman N, Inc. and Zalman Nemtzov filed an Answer and Cross-complaint against all parties for Implied Indemnity, Comparative Indemnity, Equitable Indemnity and Contribution.  Zalman N, Inc. and Zalman Nemtzov timely notified Voyager Indemnity Insurance Company of its losses due to Hernandez's injuries. To its detriment, Zalman N, Inc. and Zalman Nemtzov relied on the Certificate of Liability Insurance, which named MRB as the Insured, Voyager Indemnity Insurance Company  as the Insurer A, State Compensation Insurance Fund as Insurer B **and** Zalman N, Inc. and Zalman Nemtzov **as Additional Insured**. Zalman N, Inc. and Zalman Nemtzov's relied on Voyager Indemnity Insurance Company's representation that Voyager Indemnity Insurance Company would cover any losses suffered at the Property during

construction inclusive of Hernandez being injured at the Property. Although Voyager Indemnity Insurance Company was clearly liable for Zalman N, Inc. and Zalman Nemtzov's claim for damage caused by Hernandez being injured at the Property, Voyager Indemnity Insurance Company made no good faith attempt to effectuate a prompt settlement of Zalman N, Inc. and Zalman Nemtzov's claim.

**INTERROGATORY NO. 5**

IDENTIFY all policies of insurance held by Zalman T. Nemtzov at the time of the LOSS.

**RESPONSE TO INTERROGATORY NO. 5**

Security National Insurance Company; Policyholder: Zalman Tuvia Nemtzov; Policy No.: NA122373000; Effective Dates: March 19, 2018 to March 19 2019.

**INTERROGATORY NO. 6**

IDENTIFY all policies of insurance held by Zalman N. Inc. at the time of the LOSS.

**RESPONSE TO INTERROGATORY NO. 6**

Security National Insurance Company; Policyholder: Zalman Tuvia Nemtzov; Policy No.: NA122373000; Effective Dates: January 3, 2019 to January 3, 2020.

**INTERROGATORY NO. 7**

State all facts supporting YOUR contention that VOYAGER breached a contract as set forth in YOUR COUNTERCLAIM, including, but not limited to, identification of any and all contracts you contend VOYAGER breached.

**RESPONSE TO INTERROGATORY NO. 7**

Voyager Indemnity Insurance Company issued an insurance policy to MRB and Ramos naming Zalman N, Inc. and Zalman Nemtzov as an additional insured covering injuries at the Property including, without limitation, any person who was injured while doing construction work at the Property. The Policy, Insurance Policy Number AMW0016289, includes an endorsement that is titled "Additional Insured – Owners, Lessees or Contractors – Automatic Status When Required In Construction Agreement With You." Zalman N, Inc. and Zalman Nemtzov qualified as an

additional insured on the policy under this endorsement. This is a personal injury lawsuit which arises from Isaac Hernandez ("Hernandez") being injured at that construction site located at 1786 Bryn Mawr Avenue, Santa Monica, California ("Property"). Hernandez worked as a laborer on the construction of a new home at the Property. The Property is allegedly owned by Jennifer L. Josephs. On July 11, 2017, Jennifer L. Josephs and Zalman N., Inc. signed a Prime Contract which provided that Zalman N., Inc. would build a new home for Jennifer L. Josephs. Zalman N., Inc. hired MRB and Ramos to perform framing work on the new home (among other work). It was a term and condition of Zalman N., Inc. hiring MRB and Ramos that MRB and Ramos add Zalman N, Inc. and Zalman Nemtzov onto the Policy as an additional insured. Zalman N, Inc. and Zalman Nemtzov were added to the Policy as additional insureds. Concurrent with Zalman N., Inc. hiring MRB and Ramos to perform framing work on the new home at the Property, Voyager Indemnity Insurance Company and MRB and Ramos provided Zalman N, Inc. and Zalman Nemtzov with a Certificate of Liability Insurance, which named MRB as the Insured and Voyager Indemnity Insurance Company as Insurer A, State Compensation Insurance Fund as Insurer B and Zalman N, Inc. and Zalman Nemtzov as Additional Insureds. On February 21, 2019, Hernandez was working for MRB and Ramos framing the new home. While framing the new home, Hernandez fell from the framed first floor to the concrete foundation suffering significant injuries. Hernandez is now allegedly a paraplegic. On May 6, 2020, Hernandez filed a complaint against Jennifer L. Josephs. Jennifer L. Josephs filed a cross-complaint against Zalman N, Inc. and Zalman Nemtzov on December 4, 2020 and an amended cross-compliant on June 17, 2021. On August 18, 2021, MRB and Ramos filed a cross-complaint against Zalman N, Inc. and Zalman Nemtzov. On November 12, 2021, Zalman N, Inc. and Zalman Nemtzov filed an Answer and Cross-complaint against all parties for Implied Indemnity, Comparative Indemnity, Equitable Indemnity and Contribution. Zalman N, Inc. and Zalman Nemtzov timely notified Voyager Indemnity Insurance Company of

its losses due to Hernandez's injuries. To its detriment, Zalman N, Inc. and Zalman Nemtzov relied on the Certificate of Liability Insurance, which named MRB as the Insured, Voyager Indemnity Insurance Company as the Insurer A, State Compensation Insurance Fund as Insurer B **and** Zalman N, Inc. and Zalman Nemtzov **as Additional Insured**. Zalman N, Inc. and Zalman Nemtzov's relied on Voyager Indemnity Insurance Company's representation that Voyager Indemnity Insurance Company would cover any losses suffered at the Property during construction inclusive of Hernandez being injured at the Property. Although Voyager Indemnity Insurance Company was clearly liable for Zalman N, Inc. and Zalman Nemtzov's claim for damage caused by Hernandez being injured at the Property, Voyager Indemnity Insurance Company made no good faith attempt to effectuate a prompt settlement of Zalman N, Inc. and Zalman Nemtzov's claim. Insurance Policy Number AMW0016289

**INTERROGATORY NO. 8**

State all facts supporting YOUR contention that VOYAGER breached the implied covenant of good faith and fair dealing as set forth in YOUR COUNTERCLAIM.

**RESPONSE TO INTERROGATORY NO. 8**

Voyager Indemnity Insurance Company issued an insurance policy to MRB and Ramos naming Zalman N, Inc. and Zalman Nemtzov as an additional insured covering injuries at the Property including, without limitation, any person who was injured while doing construction work at the Property. The Policy, Insurance Policy Number AMW0016289, includes an endorsement that is titled "Additional Insured – Owners, Lessees or Contractors – Automatic Status When Required In Construction Agreement With You." Zalman N, Inc. and Zalman Nemtzov qualified as an additional insured on the policy under this endorsement. This is a personal injury lawsuit which arises from Isaac Hernandez ("Hernandez") being injured at that construction site located at 1786 Bryn Mawr Avenue, Santa Monica, California ("Property"). Hernandez worked as a laborer on the construction of a new home at

the Property. The Property is allegedly owned by Jennifer L. Josephs.  On July 11, 2017, Jennifer L. Josephs and Zalman N., Inc. signed a Prime Contract which provided that Zalman N., Inc. would build a new home for Jennifer L. Josephs. Zalman N., Inc. hired MRB and Ramos to perform framing work on the new home (among other work).  It was a term and condition of Zalman N., Inc. hiring MRB and Ramos that MRB and Ramos add Zalman N, Inc. and Zalman Nemtzov onto the Policy as an additional insured. Zalman N, Inc. and Zalman Nemtzov were added to the Policy as additional insureds. Concurrent with Zalman N., Inc. hiring MRB and Ramos to perform framing work on the new home at the Property, Voyager Indemnity Insurance Company and MRB and Ramos provided Zalman N, Inc. and Zalman Nemtzov with a Certificate of Liability Insurance, which named MRB as the Insured and Voyager Indemnity Insurance Company as Insurer A, State Compensation Insurance Fund as Insurer B and Zalman N, Inc. and Zalman Nemtzov as Additional Insureds.  On February 21, 2019, Hernandez was working for MRB and Ramos framing the new home.  While framing the new home, Hernandez fell from the framed first floor to the concrete foundation suffering significant injuries.  Hernandez is now allegedly a paraplegic. On May 6, 2020, Hernandez filed a complaint against Jennifer L. Josephs. Jennifer L. Josephs filed a cross-complaint against Zalman N, Inc. and Zalman Nemtzov on December 4, 2020 and an amended cross-compliant on June 17, 2021. On August 18, 2021, MRB and Ramos filed a cross-complaint against Zalman N, Inc. and Zalman Nemtzov. On November 12, 2021, Zalman N, Inc. and Zalman Nemtzov filed an Answer and Cross-complaint against all parties for Implied Indemnity, Comparative Indemnity, Equitable Indemnity and Contribution.  Zalman N, Inc. and Zalman Nemtzov timely notified Voyager Indemnity Insurance Company of its losses due to Hernandez's injuries. To its detriment, Zalman N, Inc. and Zalman Nemtzov relied on the Certificate of Liability Insurance, which named MRB as the Insured, Voyager Indemnity Insurance Company  as the Insurer A, State Compensation Insurance Fund as Insurer B **and** Zalman N, Inc. and Zalman

Nemtzov **as Additional Insured**. Zalman N, Inc. and Zalman Nemtzov's relied on Voyager Indemnity Insurance Company's representation that Voyager Indemnity Insurance Company would cover any losses suffered at the Property during construction inclusive of Hernandez being injured at the Property. Although Voyager Indemnity Insurance Company  was clearly liable for Zalman N, Inc. and Zalman Nemtzov's claim for damage caused by Hernandez being injured at the Property, Voyager Indemnity Insurance Company made no good faith attempt to effectuate a prompt settlement of Zalman N, Inc. and Zalman Nemtzov's claim.

**INTERROGATORY NO. 9**

State all facts supporting YOUR contention that VOYAGER "is liable for Defendants' claims" as set forth in paragraph 35 of YOUR COUNTERCLAIM.

**RESPONSE TO INTERROGATORY NO. 9**

Voyager Indemnity Insurance Company issued an insurance policy to MRB and Ramos naming Zalman N, Inc. and Zalman Nemtzov as an additional insured covering injuries at the Property including, without limitation, any person who was injured while doing construction work at the Property. The Policy, Insurance Policy Number AMW0016289, includes an endorsement that is titled "Additional Insured – Owners, Lessees or Contractors – Automatic Status When Required In Construction Agreement With You."   Zalman N, Inc. and Zalman Nemtzov qualified as an additional insured on the policy under this endorsement.  This is a personal injury lawsuit which arises from Isaac Hernandez ("Hernandez") being injured at that construction site located at 1786 Bryn Mawr Avenue, Santa Monica, California ("Property").  Hernandez worked as a laborer on the construction of a new home at the Property. The Property is allegedly owned by Jennifer L. Josephs.  On July 11, 2017, Jennifer L. Josephs and Zalman N., Inc. signed a Prime Contract which provided that Zalman N., Inc. would build a new home for Jennifer L. Josephs. Zalman N., Inc. hired MRB and Ramos to perform framing work on the new home (among other work).  It was a term and condition of Zalman N., Inc. hiring MRB and

Ramos that MRB and Ramos add Zalman N, Inc. and Zalman Nemtzov onto the Policy as an additional insured. Zalman N, Inc. and Zalman Nemtzov were added to the Policy as additional insureds. Concurrent with Zalman N., Inc. hiring MRB and Ramos to perform framing work on the new home at the Property, Voyager Indemnity Insurance Company and MRB and Ramos provided Zalman N, Inc. and Zalman Nemtzov with a Certificate of Liability Insurance, which named MRB as the Insured and Voyager Indemnity Insurance Company as Insurer A, State Compensation Insurance Fund as Insurer B and Zalman N, Inc. and Zalman Nemtzov as Additional Insureds.   On February 21, 2019, Hernandez was working for MRB and Ramos framing the new home.  While framing the new home, Hernandez fell from the framed first floor to the concrete foundation suffering significant injuries.  Hernandez is now allegedly a paraplegic. On May 6, 2020, Hernandez filed a complaint against Jennifer L. Josephs. Jennifer L. Josephs filed a cross-complaint against Zalman N, Inc. and Zalman Nemtzov on December 4, 2020 and an amended cross-compliant on June 17, 2021. On August 18, 2021, MRB and Ramos filed a cross-complaint against Zalman N, Inc. and Zalman Nemtzov. On November 12, 2021, Zalman N, Inc. and Zalman Nemtzov filed an Answer and Cross-complaint against all parties for Implied Indemnity, Comparative Indemnity, Equitable Indemnity and Contribution.  Zalman N, Inc. and Zalman Nemtzov timely notified Voyager Indemnity Insurance Company of its losses due to Hernandez's injuries. To its detriment, Zalman N, Inc. and Zalman Nemtzov relied on the Certificate of Liability Insurance, which named MRB as the Insured, Voyager Indemnity Insurance Company  as the Insurer A, State Compensation Insurance Fund as Insurer B **and** Zalman N, Inc. and Zalman Nemtzov **as Additional Insured**. Zalman N, Inc. and Zalman Nemtzov's relied on Voyager Indemnity Insurance Company's representation that Voyager Indemnity Insurance Company would cover any losses suffered at the Property during construction inclusive of Hernandez being injured at the Property. Although Voyager Indemnity Insurance Company  was clearly liable for Zalman N, Inc. and Zalman

Nemtzov's claim for damage caused by Hernandez being injured at the Property, Voyager Indemnity Insurance Company made no good faith attempt to effectuate a prompt settlement of Zalman N, Inc. and Zalman Nemtzov's claim.

**INTERROGATORY NO. 10**

State all facts supporting YOUR prayer for punitive damages.

**RESPONSE TO INTERROGATORY NO. 10**

Voyager Indemnity Insurance Company issued an insurance policy to MRB and Ramos naming Zalman N, Inc. and Zalman Nemtzov as an additional insured covering injuries at the Property including, without limitation, any person who was injured while doing construction work at the Property. The Policy, Insurance Policy Number AMW0016289, includes an endorsement that is titled "Additional Insured – Owners, Lessees or Contractors – Automatic Status When Required In Construction Agreement With You."   Zalman N, Inc. and Zalman Nemtzov qualified as an additional insured on the policy under this endorsement.   This is a personal injury lawsuit which arises from Isaac Hernandez ("Hernandez") being injured at that construction site located at 1786 Bryn Mawr Avenue, Santa Monica, California ("Property").   Hernandez worked as a laborer on the construction of a new home at the Property. The Property is allegedly owned by Jennifer L. Josephs.  On July 11, 2017, Jennifer L. Josephs and Zalman N., Inc. signed a Prime Contract which provided that Zalman N., Inc. would build a new home for Jennifer L. Josephs. Zalman N., Inc. hired MRB and Ramos to perform framing work on the new home (among other work).  It was a term and condition of Zalman N., Inc. hiring MRB and Ramos that MRB and Ramos add Zalman N, Inc. and Zalman Nemtzov onto the Policy as an additional insured. Zalman N, Inc. and Zalman Nemtzov were added to the Policy as additional insureds. Concurrent with Zalman N., Inc. hiring MRB and Ramos to perform framing work on the new home at the Property, Voyager Indemnity Insurance Company and MRB and Ramos provided Zalman N, Inc. and Zalman Nemtzov with a Certificate of Liability Insurance, which named MRB as the Insured

and Voyager Indemnity Insurance Company as Insurer A, State Compensation Insurance Fund as Insurer B and Zalman N, Inc. and Zalman Nemtzov as Additional Insureds.   On February 21, 2019, Hernandez was working for MRB and Ramos framing the new home.  While framing the new home, Hernandez fell from the framed first floor to the concrete foundation suffering significant injuries.  Hernandez is now allegedly a paraplegic. On May 6, 2020, Hernandez filed a complaint against Jennifer L. Josephs. Jennifer L. Josephs filed a cross-complaint against Zalman N, Inc. and Zalman Nemtzov on December 4, 2020 and an amended cross-compliant on June 17, 2021. On August 18, 2021, MRB and Ramos filed a cross-complaint against Zalman N, Inc. and Zalman Nemtzov. On November 12, 2021, Zalman N, Inc. and Zalman Nemtzov filed an Answer and Cross-complaint against all parties for Implied Indemnity, Comparative Indemnity, Equitable Indemnity and Contribution.  Zalman N, Inc. and Zalman Nemtzov timely notified Voyager Indemnity Insurance Company of its losses due to Hernandez's injuries. To its detriment, Zalman N, Inc. and Zalman Nemtzov relied on the Certificate of Liability Insurance, which named MRB as the Insured, Voyager Indemnity Insurance Company  as the Insurer A, State Compensation Insurance Fund as Insurer B **and** Zalman N, Inc. and Zalman Nemtzov **as Additional Insured**. Zalman N, Inc. and Zalman Nemtzov's relied on Voyager Indemnity Insurance Company's representation that Voyager Indemnity Insurance Company would cover any losses suffered at the Property during construction inclusive of Hernandez being injured at the Property. Although Voyager Indemnity Insurance Company  was clearly liable for Zalman N, Inc. and Zalman Nemtzov's claim for damage caused by Hernandez being injured at the Property, Voyager Indemnity Insurance Company made no good faith attempt to effectuate a prompt settlement of Zalman N, Inc. and Zalman Nemtzov's claim.

**INTERROGATORY NO. 11**

IDENTIFY all provisions of the POLICY you contend VOYAGER is "misrepresenting" as set forth in paragraph 51 of YOUR COUNTERCLAIM.

**RESPONSE TO INTERROGATORY NO. 11**

Insurance Policy Number AMW0016289 ("Policy") includes an endorsement that is titled "Additional Insured – Owners, Lessees or Contractors – Automatic Status When Required In Construction Agreement With You." Zalman T. Nemtzov qualified as an additional insured on the policy under this endorsement only to the extent the requirements for such status as detailed in the Policy were satisfied at all relevant times. The Additional Insured endorsement in Insurance Policy Number AMW0016289 (attached hereto) provides, in pertinent part:

> A. Section II – Who Is An Insured is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy.

Dated: January 3, 2023

LAW OFFICES OF PAUL D. BOJIC

Paul D. Bojic

PAUL D. BOJIC, ESQ.
Attorney for Defendants and Defendants
ZALMAN N., INC. and ZALMAN T. NEMTZOV

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

**VERIFICATION**

I have read the foregoing **DEFENDANTS ZALMAN N., INC. AND ZALMAN T. NEMTZOV'S RESPONSE TO VOYAGER INDEMNITY INSURANCE COMPANY'S INTERROGATORIES TO ZALMAN N. INC. AND ZALMAN T. NEMTZOV, SET ONE** and know its contents.

[ ] CHECK APPLICABLE PARAGRAPH

[ X ] I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ X ] I am an Officer of ZALMAN N., INC.., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. [ X ] I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. [ ] The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ] I am the attorney for ____________________, a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that matters stated in the foregoing document are true.

Executed on January 3, 2023 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

ZALMAN T. NEMTZOV
[Type or Print Name]

[Signature]

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 45110 Club Drive, Suite E, Indian Wells, California 92210.

On January 3, 2023**,** I served the foregoing document described as: **DEFENDANTS ZALMAN N., INC. AND ZALMAN T. NEMTZOV'S RESPONSE TO VOYAGER INDEMNITY INSURANCE COMPANY'S INTERROGATORIES TO ZALMAN N. INC. AND ZALMAN T. NEMTZOV, SET ONE** on the interested parties in this action in the manner indicated below as follows:

| | |
|---|---|
| Raymond J. Tittmann, Esq.<br>Christina M. Roberto, Esq.<br>TITTMANN WEIX LLP<br>350 S. Grand Ave., Suite 1630<br>Los Angeles, California<br>rtittmann@tittmannweix.com<br>croberto@tittmannweix.com | Attorneys for Plaintiff VOYAGER INDEMNITY INSURANCE COMPANY |

[ X ] BY ELECTRONIC TRANSMISSION: I caused the above document to be served via electronic transmission to the addressee(s) indicated in accordance with Code of Civil Procedure §1010.6(6).

[X] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 3, 2023, at Indian Wells, California.

*Paul D. Bojic*

Paul D. Bojic

# Exhibit 13

**PAUL D. BOJIC, ESQ.** [SBN 201479]
Law Offices of Paul D. Bojic
45110 Club Drive, Suite E
Indian Wells, CA 92210
Telephone: 760-340-3700
Fax: 760-340-3724

Attorney for Defendants ZALMAN N., INC. and ZALMAN T. NEMTZOV

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

VOYAGER INDEMNITY INSURANCE COMPANY

Plaintiff

v.

ZALMAN N., INC. an incorporated business entity in California and ZALMAN T. NEMTZOV, an individual

Defendants.

**CASE NO. 2:22-cv-03010**

**DEFENDANTS ZALMAN N., INC. AND ZALMAN T. NEMTZOV'S RESPONSE TO VOYAGER INDEMNITY INSURANCE COMPANY'S REQUEST FOR PRODUCTION OF DOCUMENTS TO ZALMAN N. INC. AND ZALMAN T. NEMTZOV, SET ONE**

Date Filed: May 4, 2022
Trial Date: None Set

**PROPOUNDING PARTY: VOYAGER INDEMNITY INSURANCE COMPANY**

**RESPONDING PARTY: ZALMAN N. INC. AND ZALMAN T. NEMTZOV**

**SET NUMBER: ONE**

Defendants ZALMAN N., INC. and ZALMAN T. NEMTZOV, individually dba ZALMAN N INC. hereby responds to the Plaintiff VOYAGER INDEMNITY INSURANCE COMPANY Request for Production of Documents as follows:

**RESPONSE TO REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

If YOU contend YOU are an ADDITIONAL INSURED under the POLICY, all contracts, agreements, and COMMUNICATIONS between YOU and MRB Construction, Inc. ("MRB") that support this contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Responding Party attaches hereto all DOCUMENTS in Responding Party's possession, custody and control in response to this Request for Production.

**REQUEST FOR PRODUCTION NO. 2**

If YOU contend YOU are an ADDITIONAL INSURED under the POLICY, all DOCUMENTS and COMMUNICATIONS that support this contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Responding Party attaches hereto all DOCUMENTS in Responding Party's possession, custody and control in response to this Request for Production.

**REQUEST FOR PRODUCTION NO. 3**

All COMMUNICATIONS between YOU and Jamie Bingham relating to the CERTIFICATE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Responding Party has no DOCUMENTS in Responding Party's possession, custody and control in response to this Request for Production.

**REQUEST FOR PRODUCTION NO. 4**

All COMMUNICATIONS between YOU and Wood Gutmann & Bogart Insurance Brokers relating to the CERTIFICATE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Responding Party has no DOCUMENTS in Responding Party's possession, custody and control in response to this Request for Production.

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS identified in YOUR responses to VOYAGER's Interrogatories to Zalman N. Inc. and Zalman T. Nemtzov, Set One, served concurrently with these requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Responding Party attaches hereto all DOCUMENTS in Responding Party's possession, custody and control in response to this Request for Production.

Dated: January 3, 2023

LAW OFFICES OF PAUL D. BOJIC

Paul D. Bojic

PAUL D. BOJIC, ESQ.
Attorney for Defendants and Defendants
ZALMAN N., INC. and ZALMAN T. NEMTZOV



# MRB Construction Inc.

Marvin Ramos ☒ marvin@mrbconstruction.net Cell: 213.880.0

**DATE: 11/08/2018**

**JOB ADDRESS:**
**Joseph Residence**

**1796 Bryn Mawr Ave.**
**Santa Monica, CA 90405**

**GENERAL CONTRACTOR:**
**Zalman N Inc.**
**Zalman Nemtzov**
**15136 Ostego St.**
**Sherman Oaks, CA 91403**

All items listed are to meet the plans & specification Architectural dated 09/23/2016 & Structural dated Aug. 2012 and provide by Fred Hoffman - Architect and Peter Erdelyi & Assoc. - Structural Engineers, Including Pages: A1.0 – A7, AA, C1.0 – C3.3, CW-1, G, LA0 – LA3, LI1 – LI4, QA1 – QA3, S0 -S15, U1 – U3.5.

**Included:** The Labor & Supervision for the completion of the framing of a 2 Story Single Residence W/ Attached Garage: Layout Plan of Hold Down Bolts, 2X6 Exterior Walls, 2X6 Interior Walls, 2-2X6 Thicken Wall Condition, Lift Equipment for Framing (minimum access to one face of structure will need to be provided), 2-2X Bottom Plate for Lightweight Concrete, Wood Furring Walls For C.M.U., Milling Charges, Wall Planning, Shim for Drywall, Jobsite Clean Up of Framing Debris, Wood D.F. Beam Trellis @ Back Porch, Z Bar Backing, Sheeting on all Exterior Walls, Coordinate Framing with other Trades, Safety Rails on Stairs & Opening for Duration of Framing, I Primary Move In w/Pickup to Follow, and On-Site Safety Meetings.
**Note:** *Any additional work that is not noted in the original scope of work listed here, will be charged at a rate of $65.00/hour for foreman and $55.00/hour for journey man, and $35.00/hour for as well as 15% for materials needed or an agreed upon lump sum.*

**MATERIALS:** Lumber, Simpson Standard Catalog Hardware, Plywood Sheeting & Shear Paneling, Subfloor Adhesives (Note: in order to guarantee material quotes we must have formal acceptance of proposal, full size hard copy contract set of documents, approximate start date, otherwise price may change with market conditions), and Nails & Fasteners

**NOT INCLUDED:** Exterior Stairs, Added Layers of Sheeting for Floor Finish, Steel Stud Framing, Repair of Framing Damaged By Others, Removal of Debris From Site, Exposed Exterior Box Soffit, Exterior Wood and/or Siding, Interior Exposed Beams, Installation of Doors, Installation of Windows, Fire Treating on Lumber, Reproduction of Construction Documents, FAC Cert, Sheeting on Underside of Soffit or Floor, Custom, Welded Hardware, Hardware Embedded in Concrete and Trellis.

| **LABOR** | **$ 90,000** |
|---|---|

Begin forwarded message:

**From:** Marvin Ramos <marvin@mrbconstruction.net>
**Subject: 1786 Bryn Mawr Proposal REVISED.docx**
**Date:** November 8, 2018 at 10:38:07 AM PST
**To:** zalmaninc@gmail.com

Check it out I'll call you in a bit to see where can we meet to sign it and go from there..
I will rent the equipment if we go with 90k
Or 85 k if you rent the equipment that's what we agree upon....



# MRB Construction Inc.

## INVOICE



Cell: 213.880.0150
marvin@mrbconstruction.net
Marvin Ramos

| | | | |
|---|---|---|---|
| MRB Construction, Inc. | Date | : | 01/25/2019 |
| 9412 Hayvenhurst Ave | Invoice | : | 1 |
| North Hills, CA 91343 | | | |

**Project :** 1786 Bryn Mawr Ave.
Santa Monica, CA 90405

**Contractor:** Zalman Newtzov

| Description of Work Performed | Labor | Materials | Total |
|---|---|---|---|
| Weekly Company Payment | | | 625.00 |
| Marvin Hours 01/22 (4 Hrs), 01/23 (4 Hrs), 01/25 (8Hrs), 01/26(8Hrs). TOTAL 24 Hours... 24x50 | $50 per Hour | | 1200 |
| Carpenters Hours: 01/22 Three employees 8 Hrs = 24Hrs, | $25 per Hour | | 600 |
| Carpenters Hours. 01/23 Four employees 9 Hrs = 36 Hrs | $25 per Hour | | 900 |
| Carpenter Hours. 01/25 One employee 8 Hrs | $25 per Hour | | 200 |
| Carpenters Hours. 01/26 Two employees 8 Hrs = 16 Hrs | $25 per Hour | | 400 |
| | | | |
| **** Note: Any and all other work outside Proposal will fall into this scope of T&M work at a rate of $55 carpenter and $45 Laborer or one lump sum. Any Additional Materials Will Include a 15% Markup.**** | | | |
| | | | |
| | | **Total** | **$3,925.00** |



# MRB Construction Inc.

## INVOICE

Cell: 213.880.0150
marvin@mrbconstruction.net
Marvin Ramos

| | | | |
|---|---|---|---|
| MRB Construction, Inc. | Date | : | 02/06/2019 |
| 9412 Hayvenhurst Ave | Invoice | : | 2 |
| North Hills, CA 91343 | | | |

**Project :** 1786 Bryn Mawr Ave.
Santa Monica, CA 90405

**Contractor:** Zalman Newtzov

| Description of Work Performed | Labor | Materials | Total |
|---|---|---|---|
| Weekly Company Payment | | | 625.00 |
| Marvin Hours: 01/28 (4 hours), 01/29 (4 hours), | $50 per Hour | | 400.00 |
| 01/28: Two Carpenter 8 hours each = 16 Hours | $25 per Hour | | 400.00 |
| 01/29: Two Carpenter 8 hours each = 16 Hours | $25 per Hour | | 400.00 |
| 01/30: One Carpenter 8 hours | $25 per Hour | | 200.00 |
| | | | |
| | | | |
| ** Note: Any and all other work outside Proposal will fall into this scope of T&M work at a rate of $55 carpenter and $45 Laborer or one lump sum. Any Additional Materials Will Include a 15% Markup.** | | | |
| | | | |
| | | **Total** | **$2,025.00** |



MRB Construction Inc.
INVOICE

Cell:213.880.0150 marvin@mrbconstruction.net Marvin Ramos

| MRB Construction, Inc. | Date | : 02/10/2019 |
|---|---|---|
| 9412 Hayvenhurst Ave | Invoice | : 3 |
| North Hills, CA 91343 | | |

**Project :** 1786 Bryn Mawr Ave.
Santa Monica, CA 90405

**Contractor:** Zalman Newtzov

| Description of Work Performed | Labor | Materials | Total |
|---|---|---|---|
| Weekly Company Payment | | | 625.00 |
| Marvin's Hours: 02/06 (4Hrs), 02/07 (4Hrs) | $50 per Hour | | 400.00 |
| Carpenters Hours: 02/06 Three employees 8 Hrs= 24 Hrs | $25 per Hour | | 600.00 |
| Carpenters Hours: 02/07 Three Employees 8Hrs= 24 Hrs | $25 per Hour | | 600.00 |
| Carpenters Hours: 02/08 Three employees 8Hrs= 24 Hrs | $25 per Hour | | 600.00 |
| | | | |
| | | | |
| ** Note: Any and all other work outside Proposal will fall into this scope of T&M work at a rate of $55 carpenter and $45 Laborer or one lump sum. Any Additional Materials Will Include a 15% Markup. ** | | | |
| | | | |
| | | Total | $2,825.00 |



# MRB Construction Inc.

## INVOICE

| MRB Construction, Inc. | Date | : 02/16/2019 |
|---|---|---|
| 9412 Hayvenhurst Ave | Invoice | : 4 |
| North Hills, CA 91343 | | |

**Project :** 1786 Bryn Mawr Ave.
Santa Monica, CA 90405

**Contractor:** Zalman Newtzov

| Description of Work Performed | Labor | Materials | Total |
|---|---|---|---|
| Weekly Company Payment | | | 625.00 |
| Marvin's Hours: 02/11 (4Hrs), 02/13 (4Hrs), 02/15 (4Hrs) | $ 50 per Hour | | 600.00 |
| Carpenter's Hours: 02/11 Three Employees 9Hrs= 27Hrs | $ 25 per Hour | | 675.00 |
| Carpenter's Hours: 02/12 Three Employees 9Hrs= 27 Hrs | $ 25 per Hour | | 675.00 |
| Carpenter's Hours: 02/13 Three Employees 4Hrs= 12 Hrs | $ 25 per Hour | | 300.00 |
| Carpenter's Hours: 02/15 Two Employees 8Hrs= 16 Hrs | $25 per Hour | | 400.00 |
| | | | |
| ** Note: Any and all other work outside Proposal will fall into this scope of T&M work at a rate of $55 carpenter and $45 Laborer or one lump sum. Any Additional Materials Will Include a 15% Markup.** | | | |
| | | | |
| | | **Total** | **$3,275.00** |

Marvin Ramos
marvin@mrbconstruction.net
Cell:213.880.0150

# MRB Construction Inc.

## INVOICE

Cell:213.880.0150
marvin@mrbconstruction.net
Marvin Ramos

MRB Construction, Inc. | Due Date : 02/26/2019
9412 Hayvenhurst Ave | Invoice : 5
North Hills, CA 91343

**Project :** 1786 Bryn Mawr Ave.
Santa Monica, CA 90405

**Contractor:** Zalman Newtzov

| Description of Work Performed | Labor | Materials | Total |
|---|---|---|---|
| Company Fee | | | 625.00 |
| Marvin's Hours: 02/19 (4hrs), 02/20 (4hrs), 02/21 (4hrs), | $50 per Hour | | 600.00 |
| Carpenters Hours 02/19: Three Employees 8Hrs= 24Hrs | $25 per Hour | | 600.00 |
| Carpenters Hours 02/20: Three Employees 8Hrs= 24Hrs | $25 per Hour | | 600.00 |
| Carpenters Hours 02/21: Two Employees 8Hrs= 16Hrs | $25 per hour | | 400.00 |
| | | | |
| | | | |
| ** Note: Any and all other work outside Proposal will fall into this scope of T&M work at a rate of $55 carpenter and $45 Laborer or one lump sum. Any Additional Materials Will Include a 15% Markup.** | | | |
| | | | |
| | | **Total** | **$2,825.00** |















10:40
1
Marvin >
Yes and yes
Depositing a check now in the bank so I can give you money tomorrow
Thank you sir .. I'll see you tomorrow.
Feb 8, 2019, 9:32 PM
Tomorrow I'll be there from 8 to 11
I'm taking 5 guys with me
Hopefully we can get everything up by tomorrow and some Joisting
Ok. Sounds good. Thanx
I went over all the R.O. Windows with one of the guys today
I had him write them down on the floor
Any questions let me know
Windows are all 84" Header
Text Message
Pay

ACORD®

# CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY) 3/6/2019

**THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.**

**IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).**

**PRODUCER**
Wood Gutmann & Bogart Insurance Brokers
15901 Red Hill Ave., Suite 100
Insurance License #0679263
Tustin CA 92780

CONTACT NAME: Jamie Bingham
PHONE (A/C, No, Ext): 714-824-8380 FAX (A/C, No): 714-573-1770
E-MAIL ADDRESS: jamie@wgbib.com

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A : Voyager Indemnity Insurance Co | 40428 |
| INSURER B : State Compensation Ins Fund | 35076 |
| INSURER C : | |
| INSURER D : | |
| INSURER E : | |
| INSURER F : | |

**INSURED** MRBCO-1
MRB Construction, Inc.
9412 Hayvenhurst Avenue
North Hills CA 91343

**COVERAGES** **CERTIFICATE NUMBER:** 1936306241 **REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X COMMERCIAL GENERAL LIABILITY | | | AMW0016289 | 10/15/2018 | 10/15/2019 | EACH OCCURRENCE | $ 1,000,000 |
| | CLAIMS-MADE X OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| | | | | | | | MED EXP (Any one person) | $ 5,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | POLICY PRO-JECT LOC | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | OTHER: | | | | | | | $ |
| | AUTOMOBILE LIABILITY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ALL OWNED AUTOS / SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | HIRED AUTOS / NON-OWNED AUTOS | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | UMBRELLA LIAB / OCCUR | | | | | | EACH OCCURRENCE | $ |
| | EXCESS LIAB / CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | DED RETENTION $ | | | | | | | $ |
| B | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N | | | 923980118 | 10/15/2018 | 10/15/2019 | X PER STATUTE / OTH-ER | |
| | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) | N/A | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)**

Jennifer Josephs - 1786 Bryn Mawr Ave., Santa Monica, CA 90405, Zalman N, Inc., and Zalman Nemtzov -1786 Bryn Mawr Ave., Santa Monica, CA 90405 are named as additional insured on the General Liability per attached CG20330413 as required by written contract subject to the terms and conditions of the policy.

**CERTIFICATE HOLDER**

Zalman N, Inc.
Zalman Nemtzov
25656 Nebo Dr.
Calabasas CA 91302

**CANCELLATION**

**SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.**

AUTHORIZED REPRESENTATIVE

© 1988-2014 ACORD CORPORATION. All rights reserved.

 The ACORD name and logo are registered marks of ACORD

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** **Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

**1.** Your acts or omissions; or

**2.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

However, the insurance afforded to such additional insured:

**1.** Only applies to the extent permitted by law; and

**2.** Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

**1.** "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

**a.** The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**b.** Supervisory, inspection, architectural or engineering activities.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or the failure to render any professional architectural, engineering or surveying services.

 © Insurance Services Office, Inc., 2012

**2.** "Bodily injury" or "property damage" occurring after:

**a.** All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

**b.** That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

**C.** With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits Of Insurance:**

The most we will pay on behalf of the additional insured is the amount of insurance:

**1.** Required by the contract or agreement you have entered into with the additional insured; or

**2.** Available under the applicable Limits of Insurance shown in the Declarations;

whichever is less.

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

 © Insurance Services Office, Inc., 2012



Assurant
PO Box 202142
Florence, SC 29502
www.assurant.com

May 3, 2022

ZALMAN T NEMTZOV C/O PAUL BOJIC
3100 ABINGTON DR
PO BOX 740220
BEVERLY HILLS CA 90210-1101

## Claim Information

| | | | |
|---|---|---|---|
| Insured: | Construction In Marb | Claim Number: | 00103210922 |
| Additional Name: | N/A | Policy Number: | AMW0016289 |
| Cause of Loss: | Bodily Injury | Date of Loss: | 02-21-2019 |

**This letter has been sent to: realestateattorney1@msn.com**

Dear Mr. Nemtzov,

I am the claims specialist that has been assigned to handle this matter on behalf of Voyager Indemnity Insurance Company ("Voyager"). This letter provides our position concerning coverage relative to claims asserted against you by Isac Hernandez Hernandez in the action styled Isac Hernandez Hernandez v. Shane W. Josephs, et al., Los Angeles County Case No. 20STCV17331 (the "Lawsuit").

As Voyager's coverage counsel has previously informed your counsel, Mr. Paul Bojic, neither you nor any entity controlled by you is named as an insured under Voyager Policy No. AMW 0016289, effective October 15, 2018 to October 15, 2019 (the "Policy"), which was issued to named insured MRB Construction, Inc.

The Policy does contain an additional insured endorsement, which provides in pertinent part as follows:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**

…

**A. Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

However, the insurance afforded to such additional insured:

1. Only applies to the extent permitted by law; and
2. Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.
***
(underlining added for emphasis). As Voyager's coverage counsel has discussed with your counsel, Voyager has not been provided with a contract between MRB Construction, Inc. and you or your entities requiring MRB Construction, Inc. to add you or your entities as an additional insured on the Policy. Accordingly, Voyager must decline your request for defense and indemnity for the claims asserted against you in the Lawsuit.

If you have a contract with MRB Construction, Inc. containing such a requirement, please provide it to me immediately so I can review and provide an updated coverage position.

This letter is not, and should not be construed as, a waiver of any terms, conditions, exclusions, or other provisions of the Policy or any other policy. Voyager's investigation of this matter is ongoing. Voyager expressly reserves all its rights under the Policy, at law or in equity, including the right to assert additional defenses to any claims for coverage, if subsequent information indicates that such action is warranted.

You may have this matter reviewed by the California Department of Insurance at the following address and telephone numbers:
California Department of Insurance
Consumer Services Division
Claims Service Bureau
300 South Spring Street, 14th Floor
Los Angeles, CA 90013

(213) 897 - 8921 (outside California)
(800) 927 - HELP (inside California)
(800) 482 - 4833 (TDD Only)

Should you have any additional information that you feel would either cause Voyager to review its position or would assist us in our investigation or determination, we ask that you advise us as soon as possible. I encourage you to contact me should you have any questions or concerns regarding the contents of this letter.

Sincerely,

Mireya Diaz
Claims Specialist
On behalf of:
Claims Litigation
Claims Examiner
Global P&C Claims
T. 800-652-1262
F. 866-728-7098
E. myclaiminfo@assurant.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

**VERIFICATION**

I have read the foregoing **DEFENDANTS ZALMAN N., INC. AND ZALMAN T. NEMTZOV'S RESPONSE TO VOYAGER INDEMNITY INSURANCE COMPANY'S REQUEST FOR PRODUCTION OF DOCUMENTS TO ZALMAN N. INC. AND ZALMAN T. NEMTZOV, SET ONE** and know its contents.

[ ] CHECK APPLICABLE PARAGRAPH

[ X ] I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ X ] I am an Officer of ZALMAN N., INC.., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. [ X ] I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. [ ] The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ] I am the attorney for ____________________, a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that matters stated in the foregoing document are true.

Executed on January 3, 2023 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

ZALMAN T. NEMTZOV
[Type or Print Name]

[Signature]

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 45110 Club Drive, Suite E, Indian Wells, California 92210.

On January 3, 2023**,** I served the foregoing document described as: **DEFENDANTS ZALMAN N., INC. AND ZALMAN T. NEMTZOV'S RESPONSE TO VOYAGER INDEMNITY INSURANCE COMPANY'S REQUEST FOR PRODUCTION OF DOCUMENTS TO ZALMAN N. INC. AND ZALMAN T. NEMTZOV, SET ONE** on the interested parties in this action in the manner indicated below as follows:

| | |
|---|---|
| Raymond J. Tittmann, Esq.<br>Christina M. Roberto, Esq.<br>TITTMANN WEIX LLP<br>350 S. Grand Ave., Suite 1630<br>Los Angeles, California<br>rtittmann@tittmannweix.com<br>croberto@tittmannweix.com | Attorneys for Plaintiff VOYAGER INDEMNITY INSURANCE COMPANY |

[ X ] BY ELECTRONIC TRANSMISSION: I caused the above document to be served via electronic transmission to the addressee(s) indicated in accordance with Code of Civil Procedure §1010.6(6).

[X] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 3, 2023, at Indian Wells, California.

Paul D. Bojic

Paul D. Bojic

**CERTIFICATE OF SERVICE**

*Voyager v. Zalman N. Inc., et al.*

*USDC of Central of California – Western Division*

Case No. 2:22-cv-03010-PA-MAR

I am an employee in the Los Angeles County, State of California. I am over the age of 18 years and not a party to the within action. My business address is 350 S. Grand Ave., Suite 1630 Los Angeles, CA 90071. On March 27, 2023, I served the foregoing document entitled:

**DECLARATION OF PATRICK M. LAURENCE IN SUPPORT OF REPLY OF VOYAGER INDEMNITY INSURANCE COMPANY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY ADJUDICATION**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

| | |
|---|---|
| Paul D. Bojic, Esq.<br>45110 Club Drive, Suite E<br>Indian Wells, CA 92210<br>realestateattorney1@msn.com<br><br>Tel: (760) 340-3700<br>Fax: (760) 340-3724<br><br>Attorney for Defendant and Counterclaimant ZALMAN N. INC. and ZALMAN T. NEMTZOV | |

☐ BY MAIL: By placing the original and/or a true and correct copy enclosed in a sealed envelope with postage fully prepaid, in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon, fully prepaid at Los Angeles, California, in the ordinary course of business.

☒ By e-mailing the document(s) to the persons at the e-mail address(es) above. This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

☐ BY OVERNIGHT MAIL: I caused a copy of said document(s) to be placed in an overnight mail depository for next day delivery.

☒ STATE - I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Executed on March 27, 2023 at Huntington Beach, California.

/s/ *Kelly O'Brien*

Kelly O'Brien